UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID ALBERTO PORTILLA ZAMBRANO,

        Petitioner,

   v.

JEFFREY CRAWFORD,
ICA-FARMVILLE DETENTION CENTER, and
RUSSELL HOTT,
ICE WASHINGTON FIELD OFFICE,

        Respondents.

CIVIL NO. 2:26-cv-42
      (Lead Case)

CIVIL NO. 2:25-cv-806
      (Member Case)

## FINAL ORDER

This matter comes before the court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on January 13, 2026. ECF No. 1 ("Petition").

### I.

Petitioner David Alberto Portilla Zambrano, a native citizen of Venezuela with no criminal history, entered and applied for admission to the United States on May 1, 2024, through a Customs and Border Protection appointment at the Hidalgo Port of Entry. See ECF Nos. 6 at 2 (Supplement to the Petition), 9-1 ¶¶ 5-6 (Declaration of Charles M. Byrne).[1] Petitioner "did not have the proper documents to be admitted into the United States" and was

_____

[1] Charles M. Byrne is an Assistant Field Office Director for the Department of Homeland Security, Immigrations and Customs Enforcement, and Enforcement and Removal Operations, and has worked in this capacity since October 2016. ECF No. 9-1 ¶ 1.

issued a Notice to Appear ("NTA"),[2] released from custody, and placed into removal proceedings. ECF No. 9-1 ¶ 6. Petitioner appeared before an Immigration Judge for a Master Calendar Hearing[3] on July 29, 2025,[4] at which the Department of Homeland Security ("DHS") moved to dismiss his removal proceedings. Id. ¶ 7. The Immigration Court granted the motion, and Petitioner timely appealed the decision to the Board of Immigration Appeals ("BIA"). Id.[5] That same day, Petitioner was detained by Enforcement

---

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

[3] A "Master Calendar Hearing" is a preliminary hearing that focuses on administrative matters and case management, such as confirming the noncitizen's identity and addressing the allegations outlined in the NTA, which initiate the removal proceedings under 8 U.S.C. § 1229a. See EOIR Policy Manual: Part II – OCIJ Immigration Court Practice Manual: 3.14 – Master Calendar Hearing, Exec. Off. Immigr. Rev., https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-3-14 (last visited Apr. 28, 2026).

[4] The NTA issued on May 1, 2024, ordered Petitioner to appear before an Immigration Judge on January 17, 2025. See ECF No. 6 at 15. Based on the current record before the court, it is unclear if Petitioner appeared for the January 17, 2025, hearing, or if that hearing was rescheduled for July 29, 2025, the hearing for which Petitioner did appear.

[5] According to the Executive Office for Immigration Review's Automated Case Information, the BIA received Petitioner's appeal on August 14, 2025. The appeal is currently pending, and there are no updates regarding Petitioner's or DHS's briefing schedule. See Automated Case Information, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 28, 2026) (entering "244513881" for the "A-Number" and "Venezuela" for "Nationality").

and Removal Operations "with the intent to issue him Form I-860, Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A)," which will be "issued once Petitioner's removal proceedings are administratively final." Id. ¶ 8. To this court's knowledge, Petitioner has no future hearings scheduled before an Immigration Judge.[6]

The court received the instant Petition on January 13, 2026. ECF No. 1. The central issue of the Petition is whether Petitioner is subject to mandatory detention or discretionary detention under the Immigration and Nationality Act ("INA"), as codified in 8 U.S.C. §§ 1225(b) and 1226(a), respectively. See id. at 6. Petitioner seeks immediate release from Immigration and Customs Enforcement ("ICE") custody or, alternatively, a bond hearing before an Immigration Judge. Id. at 8.

On January 20, 2026, this court referred the matter to United States Magistrate Judge Lawrence R. Leonard pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to this court proposed findings of fact, if applicable, and recommendations for the disposition by the undersigned District Judge." ECF No. 4 at 1 ("Referral Order"). In accordance with the Magistrate Judge's January 21, 2026, Order, ECF No. 7, Respondents

---

[6] See source cited supra note 5.

3

filed their Opposition to the Petition on January 27, 2026, ECF No. 9 ("Opposition"), with the Declaration of Charles M. Byrne attached, ECF No. 9-1. Petitioner did not file a timely reply.[7]

Pursuant to this court's Referral Order, ECF No. 4, the Magistrate Judge filed the Report and Recommendation ("R&R") on February 18, 2026. ECF No. 13. The Magistrate Judge recommended that the Petition be granted in part "to the extent Petitioner seeks a bond hearing." Id. at 6. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date the R&R was filed. See id. at 7-8. No objections to the R&R were filed by either party, and the time for filing objections has expired. The matter has been fully briefed and is ripe for review.[8]

---

[7] But see infra note 8 and accompanying text.

[8] On March 6, 2026, after learning that Petitioner had not received any mailing from the court, including a copy of the R&R, due to an incorrect address, this court entered a Correction Order correcting Petitioner's address, directing the Clerk to re-mail all filings by the court to Petitioner, and permitting Petitioner to file a reply to, inter alia, Respondent's Opposition. ECF No. 15 at 3-4. Petitioner was required to certify and place his reply in the mailing system on or before March 23, 2026. Id. at 4.

On March 31, 2026, the court received two filings from Petitioner, both of which were postmarked March 28, 2026: a Motion to Accept Late Filing, ECF No. 17, and Petitioner's Reply to Respondents' Opposition, ECF No. 18 ("Reply"). See ECF Nos. 17-1, 18-1 (Envelopes). The court granted Petitioner's Motion to Accept Late Filing on April 2, 2026. ECF No. 19 at 3 (Order). Respondents did not submit any further responsive filings to the Reply. Nor has either party to date submitted any objection to the R&R.

## II.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, must make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed.R.Civ.P. 72(b). If no objections are filed, as is the case here, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P.72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The instant Petition requires the court to determine whether Petitioner's detention is governed by 8 U.S.C. § 1225(b), the INA's mandatory detention provision, or by 8 U.S.C. § 1226(a), the INA's discretionary detention provision. See ECF No. 1 at 6. Under § 1225(a), "[a]n alien present in the United States who has not been admitted or who arrives in the United States" is classified as an "applicant for admission." 8 U.S.C. § 1225(a)(1). There are two distinct categories of "applicants for admission" under § 1225(b). First, § 1225(b)(1) "applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and to "certain other aliens

5

designated by the Attorney General in his discretion." <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 287 (2018) (citing 8 U.S.C. § 1225 (b)(1)(A)(i), (iii)). <u>Second</u>, § 1225(b)(2), known as the "catchall" provision, applies to "all applicants for admission not covered by § 1225(b)(1)." <u>Jennings</u>, 583 U.S. at 287 (citing 8 U.S.C. § 1225(b)(2)(A), (B)). Applicants for admission under both provisions are subject to mandatory detention. <u>See</u> 8 U.S.C. § 1225(b)(1)(B)(ii)-(iii), (b)(2)(A).

Comparatively, § 1226(a) sets forth the "default rule" for detaining and removing "aliens already present in the United States," <u>Jennings</u>, 583 U.S. at 303, under which the Attorney General may "continue to detain the arrested alien," "release the alien on bond," or "release the alien on conditional parole" pending a removal decision, 8 U.S.C. § 1226(a)(1)-(2) (citation modified). Those detained under § 1226(a) are "entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." <u>Hasan v. Crawford</u>, 800 F. Supp. 3d 641, 651-52 (E.D. Va. 2025) (Brinkema, J.) (quoting <u>Rodriguez v. Bostock</u>, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

## III.

The parties in this matter have not submitted any objections to the R&R. Having reviewed the record in its entirety, the court herein makes a review for clear error on the face of the record. <u>See</u> Fed.R.Civ.P. 72(b); <u>Diamond</u>, 416 F.3d at 315.

6

## A. Mandatory or Discretionary Detention

In the Petition, Petitioner provides that the Immigration Court refused to give him a bond hearing because "it thinks [he is] detained under [§] 1225(b)." ECF No. 1 at 6. Petitioner avers that § 1226(a) controls his detention because he "was detained within the US and [is] not an applicant for admission." Id.

Respondents counter that Petitioner is an applicant for admission under § 1225(a) because he entered the United States actively seeking admission at a port of entry and was paroled into the United States while awaiting his immigration proceedings. ECF No. 9 at 8-9. Respondents maintain that Petitioner's parole "does not demonstrate that he was 'admitted' to the United States," and as such, he is still subject to mandatory detention under § 1225(b)(2). Id. at 9 (citation omitted). Respondents also argue that Petitioner "is actively seeking admission into the U.S. [by] simply being in the U.S. without being admitted." Id.

In the R&R, the Magistrate Judge found that Petitioner is detained pursuant to § 1226(a) and is entitled to a bond hearing because "§ 1225(b)(2)(A) extends to 'applicants for admission' and not individuals like Petitioner, who has been present in the United States since 2024." ECF No. 13 at 5-6.[9] In so holding, the

---

[9] The Magistrate Judge also recommended that the Petition be denied in part to the extent Petitioner seeks immediate release because "he has not yet had a bond hearing where his release was considered." ECF No. 13 at 6.

7

Magistrate Judge rejected Respondents' "position that individuals who are already present in the country are considered applicants for admission" because such an argument contradicts "DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction." Id. at 5 (citation omitted).

Having conducted a review of the entire record for clear error, the court finds that Petitioner's detention is governed by § 1225(b), not § 1226(a). First, Petitioner's own exhibits in the Supplement to the Petition, ECF No. 6, demonstrate that he is an applicant for admission under § 1225(b)(2). The NTA, which was issued to Petitioner by DHS on May 1, 2024, designates him as "an arriving alien" who "applied for admission into the United States at the Hidalgo, Texas Port of Entry." ECF No. 6 at 15 (emphasis added). Similarly, the Notice to Alien Ordered Removed/Departure Verification ("Notice"), issued to Petitioner by DHS on July 29, 2025, prohibits him from returning to the United States for a period of five (5) years "as a consequence of [him] having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the [INA]." Id. at 13 (emphasis added). Under the INA, an "arriving alien" is defined as an "applicant for admission coming or attempting to come into the United States at

8

a port-of-entry." 8 C.F.R. § 1.2 (emphasis added). Petitioner's exhibits thus establish that he was an "arriving alien" because he entered the United States at a port of entry seeking admission, thereby making him an applicant for admission under § 1225(b)(2).

Second, Respondents explain that Petitioner's release from ICE custody on May 1, 2024, was <u>parole</u> and that he was never "admitted" into the country. ECF No. 9 at 9. While subject to mandatory detention, an applicant for admission under § 1225(b)(2) may "be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" <u>Jennings</u>, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). Such parole "shall not be regarded as an admission of the alien." 8 U.S.C. § 1182(d)(5)(A). Once the purposes of parole have been served, the "alien shall . . . return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." <u>Id.</u> Indeed, that Petitioner was released from ICE custody following his arrival to the United States does not alter his status as an applicant for admission under § 1225(b)(2). <u>See</u> 8 C.F.R. § 1.2 ("[A]n arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)] . . . and even after any such parole is terminated or revoked.").

Taken together, the circumstances of Petitioner's presence in the country make this case distinguishable from those on which the

9

R&R relies. For example, in the R&R, the Magistrate Judge adopted and incorporated the reasoning and analysis from Ceba Cinta v. Noem, No. 1:25-cv-1818, 2025 WL 4053171 (E.D. Va. Oct. 29, 2025) (Brinkema, J.). See ECF No. 13 at 5 & n.6. In that case, the petitioner had been present in the United States for twenty-seven (27) years prior to his arrest and had entered the country without inspection between ports of entry. Ceba Cinta, 2025 WL 4053171, at *1. Because he was "already present in the United States" for twenty-seven (27) years, the district court found that the petitioner's detention was governed by § 1226(a). Id. at *3 (citation omitted). In contrast, here, Petitioner entered the United States through a port of entry seeking admission and was released on parole pending his removal proceedings. See ECF Nos. 6 at 2, 15, 9-1 ¶ 6; see also 8 U.S.C. § 1182(d)(5)(A). These facts make Petitioner's case similarly distinct from other cases cited in the R&R. See, e.g., Duarte Escobar v. Perry, 807 F. Supp. 3d 564, 568, 581 (E.D. Va. 2025) (Lauck, J.) (finding that § 1226(a) applied because the petitioner, who entered the country in 2008 without being admitted or paroled, "[was] not 'seeking admission' as that phrase is used in § 1225(b)(2)"); Quispe v. Crawford, No. 1:25-cv-1471, 2025 WL 2783799, at *5 (E.D. Va. Sep. 29, 2025) (Trenga, J.) (same); see also ECF No. 13 at 5.

In sum, even though he has been living in the United States for approximately two years, Petitioner's arrival to the country,

10

subsequent parole, and current detention establish that he is an "arriving alien" under § 1225(b)(2). See Quispe, 2025 WL 2783799, at *5 (explaining that § 1225(b)(2)(A) "brings within its scope only those individuals actively seeking admission into the country, and not those that have already entered the count[r]y" (emphasis added)). Therefore, having reviewed the face of the record for clear error, under the foregoing legal framework, the court finds that Petitioner is an applicant for admission subject to mandatory detention under § 1225(b)(2).[10]

## B. Due Process

In Petitioner's Reply, which was not received by the court until after the Magistrate Judge issued the R&R,[11] Petitioner asserts that he "remains detained without a meaningful opportunity for release or adequate review of his custody" and that his "prolonged detention under these conditions violates due process protections." ECF No. 18 at 2; see ECF No. 6 at 3 (Supplement to

---

[10] Importantly, while the court rejects the recommendations in the R&R, the court agrees with the Magistrate Judge's rejection of Respondents' argument that Petitioner is subject to § 1225(b)(2) merely because he is present in the United States without having been previously admitted. See ECF Nos. 9 at 9-10, 13 at 4-5. For the reasons detailed in the R&R, this court also finds that this argument is without legal basis, as it contradicts "longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction." ECF No. 13 at 5 (quoting Ceba Cinta, 2025 WL 4053171, at *2). The court declines to depart from this well-settled precedent here.

[11] See supra note 8 and accompanying text.

11

the Petition, raising similar due process arguments). The Magistrate Judge did not address the due process claim, and this court conducts a de novo determination thereto. See Samples v. Ballard, 860 F.3d 266, 271-72 (4th Cir. 2017) (quoting United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992)).

The Fifth Amendment's Due Process Clause mandates that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In the context of removal proceedings under the INA, the Supreme Court has explained that "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 215 (1953)). Notwithstanding this limitation on due process, courts have held that a prolonged detention of an "arriving alien" without a bond hearing violates due process. See, e.g., Leke v. Hott, 521 F. Supp. 3d 597, 603 & n.8 (E.D. Va. 2021) (Ellis, J.) (collecting cases); Mbalivoto v. Holt, 527 F. Supp. 3d 838, 847 (E.D. Va. 2020) (Trenga, J.) ("[A]t some point immigration detention becomes unreasonable and therefore unconstitutional."). "This is especially so where . . . there is no clear end in sight to Petitioner's detention, which is more appropriately described as indefinite detention." Leke, 521 F. Supp. 3d at 603.

Here, Petitioner has not received a bond hearing and has been detained for approximately nine (9) months. See ECF No. 1 at 5-6. He has no upcoming hearings before an Immigration Judge in his case, and his appeal before the BIA, which was received on August 14, 2025, remains pending, though no briefing schedule has been set.[12] At this juncture, however, the duration of Petitioner's detention is substantially less than the lengths of detention that other courts have determined require a bond hearing as part of due process. See, e.g., Mbalivoto, 527 F. Supp. 3d at 850 (twenty-two (22) months); Leke, 521 F. Supp. 3d at 601-02 (twenty-four (24) months); Rodriguez v. Bondi, No. 1:25-cv-791, 2025 WL 2490670, at *3 (E.D. Va. June 24, 2025) (Trenga, J.) (collecting cases involving detentions between thirteen (13) and twenty-seven (27) months). Accordingly, because Petitioner is subject to mandatory detention under § 1225(b)(2), and because the duration of his detention does not violate his limited due process rights, at this juncture, as outlined in Thuraissigiam, 591 U.S. at 139, this court is without basis to grant the relief sought in the Petition.

## IV.

Having reviewed the record in its entirety, for the foregoing reasons, the court finds that Petitioner is an applicant for admission under 8 U.S.C. § 1225(a), is subject to mandatory

---

[12] See supra note 5 and accompanying text.

13

detention under 8 U.S.C. § 1225(b)(2), and is not entitled to a bond hearing. Accordingly, the Magistrate Judge's R&R, ECF No. 13, is respectfully **REJECTED,** the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED.**[13] The non-removal Order previously entered on January 21, 2026, ECF No. 7, is hereby **VACATED.**

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED.** 28 U.S.C. § 2253(c); see Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed.R.App.P. 22(b). **If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the entry of this Final Order.** Id.; Fed.R.App.P. 4(a)(1)(B).

---

[13] On April 27, 2026, the court received a Motion to Expedite Consideration of Petition for Writ of Habeas Corpus, filed on behalf of Petitioner by his wife, Marielbys Roxana Perez Nieves. ECF No. 20. The court notes that the Motion to Expedite is subject to defect because it lacks a proper certificate of service on the United States Attorney at Norfolk. However, given the disposition in this Final Order, the submission, ECF No. 20, is **MOOT.**

14

The Clerk is **DIRECTED** to forward a copy of this Final Order to Petitioner, to counsel for Respondents, and to Marielbys Roxana Perez Nieves. The Clerk shall close the above-captioned cases on this court's docket.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Senior United States District Judge
_____
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May      , 2026

15